Eric Sapir (SBN 282740)
es@ericsapirlaw.com
LAW OFFICE OF ERIC SAPIR
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064
Tel: (310) 444-3058
Fax: (310) 444-3059

Attorney for Plaintiff
CYLE SWANSTROM

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYLE SWANSTROM, | Case No. |
| Plaintiff, | |
| | COMPLAINT FOR DAMAGES |
| v. | |
| AFNI, INC., | |
| Defendant. | [JURY TRIAL DEMANDED] |

## I.  INTRODUCTION

1.  CYLE SWANSTROM ("Plaintiff") brings this action for damages, and other available legal or equitable remedies, resulting from the illegal actions of AFNI, INC. ("Defendant"), in attempts to collect a consumer debt allegedly owed by Plaintiff.

//

//

## II. JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)* and *§1681p* which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3.  Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2).*

4.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202.*

## III. PARTIES

5.  Plaintiff CYLE SWANSTROM is, and at all times mentioned herein was, an individual citizen of the State of California, and resident of the County of Los Angeles.

6.  Upon information and belief, Defendant, AFNI, INC. is a corporation with its headquarters in Illinois.  Defendant is wholly responsible for the injuries to Plaintiff as set forth below.

7.  Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.

8. Plaintiff is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692a(3), and a "debtor" as defined by the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code 1788.2(h).

9. The purported debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5) and a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

10. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6) and Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

12. On or about October 7, 2015, Defendant sought to collect on an alleged debt (the "alleged debt") by mailing Plaintiff a notice. This was the first/initial notice Plaintiff received from Defendant regarding the alleged debt.

13. The alleged debt is claimed to have been used primarily for personal, family, or household purposes.

14. Within five days of Defendant's first contact with Plaintiff, Defendant failed to send Plaintiff a written notice that included the following required by the FDCPA:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (15 USC 1692g).

15. Within five days of Defendant's first contact with Plaintiff, Defendant failed to send Plaintiff a written notice that included the following language required by the RFDCPA:

> The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may

not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or *www.ftc.gov*.

(*Cal. Civ. Code* § 1812.700).

16. On or about October 20, 2015, Plaintiff sent a letter to Defendant disputing and requesting validation for the alleged debt, which Defendant reported to the consumer credit bureaus without providing Plaintiff with an opportunity to dispute the alleged debt prior to doing so.

17. Subsequent to Plaintiff's letter dated October 20, 2015, Defendant reported the account as "Verified" to the consumer credit bureaus and failed to report the account as "Disputed."

18. Defendant failed to respond with the appropriate verification within the thirty-day period.

19. Defendant reported, and continues to report, the alleged debt as verified to the consumer credit bureaus.

20. Based upon information and belief, Defendant and certain major credit reporting agencies entered into a written subscriber agreement in which these

- 5 -

COMPLAINT FOR DAMAGES

major credit reporting agencies agreed to, among other things, provide "consumer reports" (as said term is defined under the FCRA) to Defendant for certain permissible and lawful purposes described under the FCRA and set forth in said written subscriber agreement.

21. Based on information and belief, Defendant, or unknown persons while acting for and on behalf of Defendant and while performing activities within the scope of their business relationship with Defendant, requested, obtained, used and reported Plaintiff, Plaintiff's consumer report from these major credit reporting agencies.

22. Based on information and belief, Defendant, or said unknown persons, did not have a lawful purpose for requesting, obtaining, and using, Plaintiff's consumer report from these major credit reporting agencies, and therefore Defendant's request, acquisition, and use, of Plaintiff's consumer report was in violation of the FCRA.

23. At no time did Plaintiff authorize Defendant to request, obtain, or use, Plaintiff's consumer report.

24. Defendant's failure to comply with the FCRA when it requested, obtained, used and reported Plaintiff, Plaintiff's consumer report was negligent, as contemplated pursuant to 15 U.S.C. § 1681o of the FCRA. As a result of said conduct by Defendant, Plaintiff has been damaged.

25. In the alternative, Defendant's failure to comply with the FCRA when it requested, obtained, used and reported Plaintiff, Plaintiff's consumer report was willful, as contemplated pursuant to 15 U.S.C. § 1681n of the FCRA. As a result of said conduct by Defendant, Plaintiff has been damaged.

26. In the alternative, Defendant's request for, acquisition of and use of Plaintiff's consumer report constituted the knowing and willful receipt of information on a "consumer" (as said term is defined under the FCRA) from a consumer reporting agency under false pretenses, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA. As a result of said conduct by Defendant, Plaintiff has been damaged.

27. In the alternative, the request for, acquisition of and use of Plaintiff's consumer report by unknown persons while acting for and on behalf of Defendant constituted the knowing and willful receipt of information on a consumer from a consumer reporting agency under false pretenses by a natural person, as contemplated under 15 U.S.C. § 1681n of the FCRA. As a result of said conduct by Unknown Persons, Plaintiff has been damaged.

28. As a result of Defendant acts and omissions, Plaintiff has suffered and continues to suffer severe emotional distress and other actual damages.

//

//

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT
## COLLECTION PRACTICES ACT

29. Plaintiff reincorporates by reference all of the preceding paragraphs.

30. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

   b. Defendant violated § 1692e(10) by using false representations and deceptive practices in connection with collection.

   c. Defendant violated §1692g(a)(1) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the amount of the debt.

   d. Defendant violated §1692g(a)(2) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: the name of the creditor to whom the debt is owed.

   e. Defendant violated §1692g(a)(3) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

COMPLAINT FOR DAMAGES

portion thereof, the debt will be assumed to be valid by the debt collector.

f.  Defendant violated §1692g(a)(4) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

g.  Defendant violated §1692g(a)(5) by failing to send Plaintiff a written notice within five days of the initial communication that included the following: a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

h.  Defendant violated §1692g(b) by failing to, after being notified by Plaintiff that the debt is disputed within the thirty-day period, cease collection of the debt, or any disputed portion thereof, until Defendant obtained verification of the debt.

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

        A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

        B.     Actual damages;

        C.     Statutory damages;

        D.     Punitive damages;

        E.     Costs and reasonable attorney's fees; and,

        F.     For such other and further relief as may be just and proper.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE ROSENTHAL FAIR
## DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

32. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

33. Defendant violated the RFDCPA based on the following:

        a.  Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

b.  Defendant violated the Cal. Civ. Code § 1812.700 by failing to include the specific language required by § 1812.700.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the RFDCPA;

B.    Actual damages;

C.    Statutory damages for willful and negligent violations;

D.    Punitive Damages;

E.    Costs and reasonable attorney's fees,

F.    For such other and further relief as may be just and proper.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE FAIR
### CREDIT REPORTING ACT

34. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

35. Defendant violated §1681n(a)(1)(B) of the FCRA by obtaining a consumer report under false pretenses or knowingly without a permissible purpose.

36. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.     Declaratory judgment that Defendant's conduct violated the FCRA;

      B.     Actual damages;

      C.     Statutory damages;

      D.     Punitive Damages;

      E.     Costs and reasonable attorney's fees,

      F.     For such other and further relief as may be just and proper.

## FOURTH CAUSE OF ACTION
## INVASION OF PRIVACY

37. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

38. Plaintiff had an objectively reasonable expectation of privacy in her Consumer Credit Report, which was intruded upon by Defendant.

39. Defendant intruded upon Plaintiff's private matter by obtaining unwanted access to Plaintiff's Consumer Credit Report by electronic or other covert means, in violation of the law or social norms.

40. Defendant intended to commit the acts that invaded Plaintiff's privacy by unlawfully reporting the alleged debt on Plaintiff's Consumer Credit Reports.

41. The intrusion is highly offensive to a reasonable person.

42. Defendant's conduct was a substantial factor in bringing about the invasion of Plaintiff's privacy right.

43. Defendant's invasion of Plaintiff's right to privacy constitutes the harm, entitling Plaintiff to recover for all damage caused by the invasion.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.    Compensatory, special and damages;

      B.    Punitive damages;

      C.    Costs and reasonable attorney's fees,

      D.    For such other and further relief as may be just and proper.

//

//

//

//

# FIFTH CAUSE OF ACTION
## NEGLIGENCE

44. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

45. The conduct of Defendant was negligent and in reckless disregard for the emotional distress, mental anguish, and loss of credit rating it would cause in Plaintiff.

46. Defendant reasonably knew or should have known that their negligent acts and/or failures to act would cause injury to Plaintiff.

47. The severe emotional distress and mental anguish that Plaintiff has suffered, and continues to suffer, was actually and proximately caused by Defendant's negligent conduct.

48. As a result of Defendant's negligent acts and/or failures to act, Plaintiff suffers from humiliation, severe stress, anxiety, depression, impaired concentration, migraine headaches, stomach aches, trouble sleeping, amongst other debilitating symptoms.

49. Defendant's acts as alleged herein were negligent to such a degree as to entitle Plaintiff to punitive and exemplary damages in an amount sufficient to discourage such future actions of Defendant and others.

//

COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.     Actual damages;

      B.     Punitive Damages;

      C.     Costs and reasonable attorney's fees,

      D.     For such other and further relief as may be just and proper.

## SIXTH CAUSE OF ACTION
### VIOLATIONS OF THE
### FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681o

50. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

51. Pursuant to 15 U.S.C. § 1681o, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure and (ii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681o, the costs of the action together with reasonable attorneys' fees.

52. As a result of Defendant's negligent failure to comply with the FCRA, Defendant is liable to Plaintiff in an amount equal to the sum of (i) any actual

damages sustained by Plaintiff as a result of said failure and (ii) the costs of

this action together with reasonable attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**VIOLATIONS OF THE**
**FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681n**

53. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing

paragraphs.

54. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with

any requirement imposed under the FCRA with respect to any consumer is

liable to that consumer in an amount equal to the sum of (i) any actual

damages sustained by the consumer as a result of the failure or damages or not

less than $100.00 and not more than $1,000.00; (ii) such amount of punitive

damages as the court may allow; and (iii) in the case of any successful action

to enforce any liability under 15 U.S.C. § 1681n, the costs of the action

together with reasonable attorneys' fees.

55. As a result of Defendant's willful failure to comply with the FCRA, Defendant

is liable to Plaintiff in an amount equal to the sum of (i) any actual damages

sustained by Plaintiff as a result of the failure or damages of not less than

$100.00 and not more than $1,000.00 for each such violation; (ii) such amount

of punitive damages as the court may allow; and (iii) the costs of this action

together with reasonable attorneys' fees.

- 16 -

COMPLAINT FOR DAMAGES

## EIGHTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681q and 15 U.S.C. § 1681n

56. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

57. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681q, any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100.00 and not more than $1,000.00; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

58. As a result of Defendant's knowing and willful request and receipt of information on Plaintiff from a consumer reporting agency under false pretenses, Defendant's are liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

COMPLAINT FOR DAMAGES

## NINTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C.
## § 1681q and 15 U.S.C. § 1681n

59. Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Pursuant to 15 U.S.C. § 1681n, any natural person who obtains a consumer report under false pretenses or knowingly without a permissible purpose under 15 U.S.C. § 1681b is liable to that consumer in an amount equal to the sum of (i) any actual damages sustained by the consumer as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

62. As a result of Defendant's knowing and willful request and receipt of information on Plaintiff from a consumer reporting agency under false pretenses, Defendant's are liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such

violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

63. As a result of Defendant's request and receipt of a consumer report under false pretenses or knowingly without a permissible purpose, Defendant's are liable to Plaintiff in an amount equal to the sum of (i) any actual damages sustained by Plaintiff as a result of the failure or $1,000.00, whichever is greater; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this action together with reasonable attorneys' fees.

**PRAYER FOR RELIEF FOR SIXTH, SEVENTH, EIGHTH, AND NINTH CAUSE OF ACTIONS:**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. For an award of actual damages pursuant to 15 U.S.C. §1681n(a)(1)(A) against Defendant;

B. For an award of actual damages pursuant to 15 U.S.C. §1681o(a)(1) against Defendant;

C. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(B) against Defendant;

D. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1681n(a)(3) against Defendant;

2:17-cv-00006-GW-FFM   Document 1   Filed 01/02/17   Page 20 of 20   Page ID #:20

E. For an award of costs of litigation and reasonable attorney's fees pursuant

    to 15 U.S.C. §1681o(a)(2) against Defendant;

F. For an award of punitive damages in an amount to be determined at trial

    pursuant to 15 U.S.C. §1681n(a)(2).

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

PLEASE TAKE NOTICE that Plaintiff CYLE SWANSTROM demands a

jury trial in this case.

Dated: January 2, 2017                    **LAW OFFICE OF ERIC SAPIR**

                                    By:   _____
                                          Eric Sapir
                                          Attorney for Plaintiff
                                          CYLE SWANSTROM

- 20 -

COMPLAINT FOR DAMAGES